**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT POLANCO,

        Plaintiff,

v.  No. CIV 99-0047 BB/KBM

TOWN OF SILVER CITY, a municipal
corporation; THOMAS BATES, individually
and in his official capacity as City Manager of
the Town of Silver City; and JOHN PAUL
JONES, individually and in his official capacity
as Mayor of the Town of Silver City,

        Defendants.

**MEMORANDUM OPINION**

THIS MATTER comes before the Court for consideration of Defendants' motion for summary judgment (Doc. 40). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion will be granted and this case dismissed.

Plaintiff is an employee of the Town of Silver City. This case arises out of a decision by Defendant Bates to demote and transfer Plaintiff, in accordance with the recommendation of a hearing board. Plaintiff had been charged with creating a hostile environment for three fellow employees, including his immediate supervisor, by engaging in sexual harassment. Bates assigned the Town's personnel director, Celia Dominguez, to investigate the charge. After a thorough investigation that included interviews with 18 individuals, Dominguez recommended that Bates sustain the charge and impose some type of discipline on Plaintiff. Bates then gave a notice of proposed discipline to Plaintiff, proposing to demote him and tranfer him to another department. Plaintiff exercised his right

to challenge this proposal before a hearing panel consisting of three supervisory employees. Following a hearing, this panel recommended that Plaintiff be demoted and transferred. Bates then made the final decision to demote Plaintiff, transfer him to a different department, and suspend him without pay for two and one-half days.[1]

Plaintiff then filed this federal-court lawsuit, raising a number of claims. Defendants moved for summary judgment on all claims. During the summary-judgment briefing process, Plaintiff's claims have been whittled down to two: that the discipline imposed on him was imposed in retaliation for his exercise of First Amendment rights, and that his right to due process was violated because the punishment imposed after he exercised his right to a hearing was more severe than the punishment originally proposed by Bates.[2] "Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

---

[1] Plaintiff's counsel asserts, in the response brief, that Plaintiff was also placed on probationary status for a year. There is no evidence before the Court, however, to support this assertion. The documentary evidence, including Bates' final decision, indicates the only punishments were suspension for two and one-half days, demotion, and transfer, plus a requirement that Plaintiff attend sexual harassment training at the first opportunity. The Court's review of the record and Plaintiff's original complaint indicates he was not placed on probationary status until some time after his demotion, when he was involved in additional alleged incidents with different co-employees. Plaintiff's deposition testimony makes it clear he was on probationary status at the time of his deposition, or July 21, 1999, much longer than a year after his December 1996 demotion. *Polanco depo.,* pp. 100-101. This testimony is clearly referring to the probation period imposed subsequent to the demotion, rather than a probationary period resulting from the original demotion. Since this testimony is the only evidence cited by counsel in support of the assertion that Plaintiff's original punishment included imposition of a one-year term of probationary status, the Court finds that the assertion is erroneous.

[2] Plaintiff has specifically abandoned his equal-protection claim. In addition, he has implicitly abandoned any claim or theory other than the two set out above, by failing to brief such claim or theory. *Cf. Swanson v. Guthrie Indep. Sch. Dist. No. I-L,* 135 F.3d 694, 703 (10th Cir. 1998) (issue not briefed is deemed abandoned).

matter of law." Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party." Id. On a motion for summary judgment, the issue is "not whether [the court] thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "Nevertheless, a jury question does not exist because of the presence of a mere scintilla of evidence; rather, there must be a conflict in substantial evidence to create a jury question." Walker v. NationsBank of Florida, 53 F.3d 1548, 1555 (11th Cir. 1995). The Court will consider Defendants' motion for summary judgment in light of these standards.

**Retaliation Claim:** Viewed in the light most favorable to Plaintiff, the following are the facts relevant to this claim. Prior to his demotion, Plaintiff had been the Streets Supervisor for the Town of Silver City. Margaret Costales was the Public Works Director, making her Plaintiff's superior. In July of 1996[3] Costales lent a loader, belonging to the Town and used by the Streets Department, to the county to be used at the local landfill. Costales took this action without first discussing the matter with Plaintiff or informing him of her decision. Plaintiff complained vigorously, first to Costales herself, then to Bates and another Town official, then to the Town council and mayor.[4] In

---

[3]At a number of places in his affidavit, Plaintiff refers to the year as 1995, not 1996. However, there is also evidence that the events in question occurred in 1996. Since this latter time frame is more favorable to Plaintiff, the Court assumes the events took place in 1996.

[4]Defendants argue there is no evidence that Plaintiff complained to the councilors or the mayor about the loader. According to Plaintiff's deposition, he complained to these individuals only about the pending sexual-harassment complaint. After the deposition, and during the briefing process, Plaintiff submitted an affidavit that supposedly supplements his deposition. As Defendants point out, however, an affidavit that contradicts a witness' deposition cannot be used to avoid

3

November 1996, approximately one month after the last complaints, Costales wrote two memoranda to Bates complaining that Plaintiff was creating a hostile environment for her and two other female employees of the Town.  As discussed above, Bates instructed the Town's Personnel Director to investigate the allegations.  Following her report, Bates proposed to demote and transfer Plaintiff.  After the grievance hearing described above, Bates did take such action.  Plaintiff argues the discipline imposed was in retaliation for his exercise of his First Amendment right to speak out on an issue of public concern.

The courts have established a four-part test to apply in First Amendment retaliation cases involving public employees. *See Martin v. City of Del City*, 179 F.3d 882, 886-87 (10th Cir. 1999).  First, it must be determined that the employee's speech involved a matter of public concern.  If so, the employee's interest in making the statement must be balanced against the government employer's interest in promoting the efficiency of its public services.  If that balancing favors the employee, the employee must next show that the speech was a motivating factor in the adverse employment decision.  Finally, if the plaintiff satisfies the above elements, the employer must show by a preponderance of the evidence that it would have made the same decision even in the absence of the protected conduct.  *See id.*

The parties in this case have vigorously disputed the "public concern" question, with Defendants maintaining Plaintiff spoke out about the loader for purely private reasons, and Plaintiff arguing he complained out of concern for the financial impact Costales' actions would have on the Town.  The Court need not decide whether a genuine issue of fact has been raised on this issue,

---

summary judgment.  If it was necessary to decide whether to consider these portions of the affidavit, the Court would be inclined not to do so.  However, since the result is the same whether the affidavit is rejected or considered, the Court need not decide the issue.

4

because Plaintiff has failed to raise such issues of fact regarding the third and fourth prongs of the test. This also holds true for the second, balancing prong. It is, however, chiefly the third prong which derails Plaintiff's argument. Plaintiff's main obstacle in satisfying the causation requirement is the fact that the discipline was imposed by Bates, not Costales. Since Plaintiff's allegedly protected speech consisted of complaints about actions taken by Costales, she had a natural motive to retaliate against him. However, Costales played no part in the decision to demote Plaintiff, other than acting as complainant.

To survive summary judgment in a retaliation case, the plaintiff must present some evidence tending to establish that the individual bearing retaliatory animus toward the plaintiff played some part in the adverse employment decisions. *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1321 (10th Cir. 1999) (even if court assumes employee's superior had retaliatory animus, requisite causal link not established because superior played no part in adverse decision; mere fact that superior was in a position to influence decision did not amount to evidence of actual influence); *Willis v. Marion County Auditor's Office*, 118 F.3d 542, 547 (7th Cir. 1997) (where causal relationship between subordinate's retaliatory motive and employer's ultimate decision is broken, and ultimate decision is clearly made on independent basis, subordinate's bias is not relevant); *Long v. Eastfield College*, 88 F.3d 300, 307 (5th Cir. 1996) (where subordinates allegedly had retaliatory intent, if ultimate decisionmaker based decision on own independent investigation, causal link between subordinates' intent and terminations would be broken); *Meister v. Georgia-Pacific Corp.*, 43 F.3d 1154, 1160 (7th Cir. 1995) (fact that only person who had retaliatory animus did not participate in decision to terminate was highly probative on issue of causation).

In this case, in other words, the burden was on Plaintiff to introduce evidence showing that Bates, not Costales, had a motive to retaliate against him for his complaints about Costales. There is no such evidence in the record before the Court. There was no evidence that Bates was upset at Plaintiff for making his complaints. Instead, Plaintiff's deposition testimony merely indicates that Bates said he would look into the matter. Furthermore, the only evidence concerning Bates' motivation for his decision was that he received a complaint from an employee, and assigned a personnel specialist to investigate the complaint. Following the investigation, disciplinary action was recommended, and Bates proposed such action. A three-person hearing panel, after a full hearing, recommended that Plaintiff be demoted and transferred, and Bates followed that recommendation, deviating only in the addition of a brief suspension without pay. In sum, the only evidence before the Court is that Bates acted as a result of the independent investigation performed by Dominguez, and the independent hearing performed by the hearing panel.[5] Absent some evidence that Bates had a reason to be upset at Plaintiff for complaining about Costales, there is no basis for a finding that those complaints played any role in the decision to demote and transfer Plaintiff. Therefore, the Court finds Plaintiff has failed to raise a genuine issue of fact as to Bates' motivation for disciplining Plaintiff as he did.

Similarly, the evidence discussed above shows that Plaintiff has failed to raise an issue of fact concerning the fourth prong of the retaliation test. Where a full investigation has been performed, and a hearing held, and both result in a recommendation that Plaintiff be disciplined, a strong case is

---

[5] The Court notes Plaintiff's speculation that the hearing panel was not truly independent, because Bates spoke to the panel in private prior to the hearing. However, Bates submitted an affidavit explaining that he always meets with such panels in private to explain the rules of conduct of hearings such as this. Plaintiff has presented no opposing evidence indicating Bates unfairly influenced the hearing panel at all. The Court therefore ignores Plaintiff's speculations.

made that the demotion and transfer would have occurred without any retaliatory motivation attributable to Bates. In the absence of any evidence of a reason for Bates to be upset about Plaintiff's complaints about the loader, this already-strong case becomes conclusive. Summary judgment will be granted on the First Amendment retaliation claim.

**Due Process Claim:** Plaintiff maintains that Bates reacted negatively when Plaintiff requested a hearing, saying "I wish you hadn't asked for a hearing." Then, after the hearing was held, Bates imposed more severe punishment than he had originally proposed--instead of simply a demotion and transfer, Bates added a two-and-a-half-day suspension (as noted above, Plaintiff also argued he was put on probation for a year, but there is no evidence to support that assertion). Plaintiff claims his due-process rights were violated because his punishment was increased in retaliation for his exercise of his right to a hearing.

Plaintiff does not specify whether the due-process rights he is referring to are procedural or substantive. There is no basis for a procedural-due-process claim, because Plaintiff was given a full hearing and there is no indication that the discipline imposed fell outside the permissible boundaries of punishment for conduct such as that found by the hearing panel. In fact, Plaintiff could have been terminated for that conduct, according to the Town's personnel manual. The only argument remaining to Plaintiff, therefore, is a substantive-due-process argument.

To survive summary judgment on his substantive-due-process claim, Plaintiff must show that Bates' action was so arbitrary as to shock the conscience of the Court. *See Garcia v. City of Albuquerque*, ___ F.3d ___, 2000 WL 1693718 (10th Cir. 2000). The addition of two and one-half days of suspension, even if it was done in retaliation for Plaintiff's exercise of his grievance rights, does not shock the Court's conscience. In fact, such a short period of suspension has been held to

7

be *de minimus* in a number of appellate cases. *See, e.g., Dill v. City of Edmond, Oklahoma*, 155 F.3d 1193, 1207 (10th Cir. 1998) (citing cases holding periods of suspension from two days to a week to be *de minimus* for purposes of a due-process claim). The Court therefore will find, as a matter of law, that Plaintiff's evidence of retaliatory punishment does not rise to the level of a substantive due-process violation.[6] Accordingly, summary judgment is appropriate on this claim as well.

**Conclusion**

Based on the foregoing, the Court will grant Defendants' motion for summary judgment, and this case will be dismissed.

Dated this 21st day of December, 2000.

                                                BRUCE D. BLACK
                                                United States District Judge

---

[6]The Court notes that, although Plaintiff argued this claim as a due-process violation, Defendants responded by citing a First Amendment retaliation case involving the right to petition. Although the Court need not address this issue, given the nature of Plaintiff's argument, the Court does note that a right-to-petition argument would fail as well. As Defendants point out, retaliation on the basis of a right to petition is actionable as a First Amendment claim only if the petition itself concerns a matter of public concern. *See Martin*, 179 F.3d at 888-89. In this case, Plaintiff's petition, the grievance hearing, concerned only his private disciplinary action and allegations of harassment. Therefore, no issue of public concern was involved in the petition.

**ATTORNEYS**:

**For Plaintiff**:
Jeffrey J. Dempsey
1111 6th St. N.W.
Albuquerque, New Mexico 87102

**For Defendants**:
Timothy S. Hale
Riley, Shane & Hale, P.A.
4101 Indian School Road N.E.
Suite 200-N
Albuquerque, New Mexico 87110